UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAMES SKINNER (#496356)

VERSUS                              CIVIL ACTION

BURL CAIN, ET AL                    NUMBER 10-601-JJB-SCR

**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, June 20, 2011.

                                            STEPHEN C. RIEDLINGER
                                            UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAMES SKINNER (#496356)

VERSUS                                                CIVIL ACTION

BURL CAIN, ET AL                           NUMBER 10-601-JJB-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus filed by James Skinner. For the reasons which follow, the petition should be denied as untimely.

**State Court Procedural History**

Petitioner was found guilty of one count second degree murder in the Twenty-first Judicial District Court for the Parish of Livingston, Louisiana on May 15, 2005. Petitioner was sentenced to life imprisonment at hard labor, without benefit of parole, probation or suspension of sentence.

The First Circuit Court of Appeal affirmed the petitioner's conviction and sentence. *State of Louisiana v. James Skinner*, 2005-1704 (La. App. 1st Cir. 5/5/06), 930 So.2d 1239 (Table). Petitioner sought supervisory review in the Louisiana Supreme Court. Review was denied. *State of Louisiana v. James Skinner*, 2006-1593 (La. 1/8/07), 948 So. 2d 121.

Petitioner signed an application for post-conviction relief

(PCRA) on December 17, 2007 and it was filed on December 21, 2007. The trial court denied the PCRA on January 2, 2008. Petitioner sought review in the Louisiana First Circuit Court of Appeal on May 26, 2009. The Louisiana First Circuit Court of Appeal denied review on August 31, 2009. *State of Louisiana v. James Skinner*, 2009-1012 (La. App. 1st Cir. 8/31/09). Petitioner mailed an application for supervisory writ to the Louisiana Supreme Court on September 16, 2009, and the application was filed on September 21, 2009. The Louisiana Supreme Court denied review on August 18, 2010. *State ex rel James Skinner v. State of Louisiana,* 2009-2043 (La. 8/18/10), 42 So.3d 394.

**Federal Habeas Corpus Application**

Petitioner signed his federal habeas corpus application on August 30, 2010 and it was filed on September 9, 2010.

Petitioner raised the following grounds for relief:

(1) the trial court erred in denying the challenge for cause of four jurors;

(2) the trial court erred in denying the defense motion for change of venue due to prejudicial pretrial publicity;

(3) the trial court abused its discretion in allowing the introduction of gruesome victim photographs;

(4) the trial court erred in denying the defense motion for new trial;

(5) the prosecutor vouched for the credibility of a State witness in violation of the Sixth and Fourteenth Amendments; and,

(6) he was denied effective assistance of counsel.

No evidentiary hearing is required. Petitioner's federal habeas corpus application is untimely.

**Applicable Law and Analysis**

Under § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act, a prisoner in custody pursuant to the judgment of a state court has a one year period within which to file an application for a writ of habeas corpus. The limitation period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

As provided by § 2254(d)(2), the time during which a properly filed application for state post-conviction or other collateral review, with respect to the pertinent judgment or claim, is pending shall not be counted toward any period of limitation under this subsection. A "properly filed application" is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing. *Lovasz v. Scig*, 134 F.3d 146, 148-49 (3rd Cir. 1998); *Galindo v. Johnson*, 19 F.Supp.2d 697, 701 (W.D. Tex. 1998). A state application is "pending" during the intervals between the state court's disposition of a state habeas corpus petition and the petitioner's timely filing of petition of review at the next level. *Melancon v. Kaylo*, 259 F.3d 401, 406

3

(5th Cir. 2001). An application ceases to be "pending" within the meaning of § 2244(d)(2) when the petitioner fails timely to file an application for a supervisory writ at the next level. *Id*. at 407. A state court's subsequent decision to allow review may toll the time relating directly to the application, but it does not change the fact that the application was not pending prior to the application. *Id*. After the appeal period has lapsed, an application ceases to be pending but a subsequent properly filed application entitles the petitioner to additional tolling beginning at the time of the "proper" filing. *Id*.

Petitioner's conviction became final on April 9, 2007.[1] From

---

[1] For purposes of § 2244(d)(1)(A), a state conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. *See Causey v. Cain*, 450 F.3d 601, 606 (5th Cir. 2003) ("[A] conviction becomes final at the conclusion of direct review or when the time for such review has expired, as specified by AEDPA, regardless of when state law says finality occurs."). Normally that time expires 90 days after the state court of last resort enters its judgment. *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). But when the defendant concludes his state-court direct-appeal before it reaches the state court of last resort, "the conviction becomes final when the time for seeking further direct review in the state court expires." *Id*. This federal rule applies even where state law provides that finality occurs on a different date. *Compare* La. Code Crim. Proc. art. 922(B) (providing that the court of appeal's judgment becomes final under Louisiana law 14 days after the rendition of judgment in all cases in which an application for a writ of review is not filed with the Louisiana Supreme Court), *and* La. Sup. Ct. R. X, § (5)(a) ("An application seeking to review a judgment of the court of appeal ... after an appeal to that court ... shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal ...."), *with Roberts*, 319 F.3d at 693 n. 15 (noting that the judgment of an intermediate court of appeals is not final under Texas law until

(continued...)

4

the date his conviction became final until December 17, 2007, the date the petitioner filed his PCRA, 251 days of the limitations period elapsed. The district court denied the petitioner's PCRA on January 2, 2008.

Petitioner did not seek supervisory review in the Louisiana First Circuit of Appeal until May 26, 2009. Louisiana Uniform Court of Appeal Rule 4-3 grants no more than 30 days for a prisoner to seek a supervisory writ from an intermediate appellate court after the district court's ruling.

Petitioner no longer had an application "pending" in state court when he failed to timely file an application for supervisory writs with the First Circuit Court of Appeal. The subsequent "properly filed" May 26, 2009 application for supervisory writs to the First Circuit Court of Appeal did not alter that fact. However, the May 26, 2009 writ application to the appellate court tolled all subsequent proceedings relating to that application. Therefore, from the date the trial court denied the PCRA on January 2, 2008, until May 26, 2009, the date the petitioner "properly filed" an application to the First Circuit Court of Appeal, an additional 508 days of the limitations period elapsed.

---

[1](...continued)
the mandate has issued), *and id.* at 694-95 (rejecting the argument that the mandate-issuance date should determine finality under AEDPA).
    The petitioner's conviction and sentence became final on April 8, 2007, which was a Sunday. Thus, the time period was extended to the next business day for the court, which was Monday, April 9.

5

From May 26, 2009, the date the petitioner "properly filed" an application for writs to the First Circuit Court of Appeal, until August 31, 2009, the date the Louisiana First Circuit Court of Appeal denied review, the limitations period remained tolled. From August 31, 2009, the date the Louisiana First Circuit Court of Appeal denied review, until September 16, 2009, the date the petitioner sought review in the Louisiana Supreme Court, the limitations period remained tolled. From September 16, 2009, the date the petitioner sought review in the Louisiana Supreme Court, until August 18, 2010, the date the Louisiana Supreme Court denied review, the limitations period remained tolled.

From August 18, 2010, the date the Louisiana Supreme Court denied review, until August 30, 2010, the date the petitioner filed his federal habeas corpus application, an additional 11 days of the limitations period elapsed.

Therefore, from April 9, 2007, the date the petitioner's conviction became final, until August 30, 2010, the date he filed his federal habeas corpus application, 770 days of the limitations period elapsed.[2] Petitioner's federal habeas corpus application was not timely filed.

In his Traverse to State's Opposition to Writ of Habeas Corpus

---

[2] The entire state court record was filed in response to the court's September 10, 2010 order. The dates relied upon to determine timeliness are not disputed by the petitioner.

Application[3] the petitioner conceded that he did not submit his application for supervisory writs to the Louisiana First Circuit Court of Appeal until May 26, 2009. Petitioner argued that he is entitled to a period of equitable tolling on the ground that the delay was caused by a state-created impediment. Specifically, the petitioner argued that after waiting over a year for a ruling on his PCRA, he filed a Writ of Mandamus. The trial court denied his writ of mandamus and informed him for the first time that on January 2,2008 his PCRA had been denied.

There is no basis in the record for equitable tolling. The one-year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances." *United States v. Patterson*, 211 F.3d 927, 928 (5th Cir. 2000). The doctrine "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in

---

[3] Record document number 14.

his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 1814 (2005).

Petitioner argued that he did not receive notice of the trial court's ruling on his PCRA until after he filed a Writ of Mandamus. First, a review of the record showed that the Notice of Denied Order For Post Conviction Relief was issued January 3, 2008 by the clerk of court to both the petitioner and the Office of the District Attorney.[4] Second, assuming the petitioner did not receive the notice that his PCRA had been denied, he waited until April 24, 2009, more than 16 months after filing his PCRA, to inquire about the status of it.[5] Although the petitioner was aware that the State had not filed an answer to his PCRA and he was not aware of any action taken by the trial court, he did not act diligently to inquire about the status of his PCRA.[6]

The record supports finding that the petitioner did not diligently pursue post conviction relief. A review of the record disclosed no "rare and exceptional circumstances" to justify equitable tolling. *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999).

---

[4] State Court Record, Vol. 2.

[5] State Court Record, Vol. 2, Writ of Mandamus.

[6] *Id.*

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the petition of James Skinner for habeas corpus relief be dismissed, with prejudice, as untimely pursuant to 28 U.S.C. § 2244(d).

Baton Rouge, Louisiana, June 20, 2011.

        *Stephen C. Riedlinger*
        STEPHEN C. RIEDLINGER
        UNITED STATES MAGISTRATE JUDGE